UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NANCY JEAN PLUMMER,** ) | Case No. 6:11-CV-06061-SI |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**SIMON, District Judge.**

      Nancy J. Plummer seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits. Because Mrs. Plummer submitted additional evidence that the Appeals Council erroneously rejected, the Commissioner's decision is reversed and this case is remanded for further proceedings.

# BACKGROUND

## I.     The Application

Mrs. Plummer filed an application for Disability Insurance Benefits in July 2006. Tr. 104-106. Born in 1958, Mrs. Plummer was physically and emotionally abused as a child and had an unstable home life. Tr. 104, 429-431. She did not, however, base her initial claim on any mental impairment. Rather, Mrs. Plummer alleged disability due to degenerative disk disease, scoliosis, fibromyalgia, and hearing loss. Tr. 127. After an administrative hearing in October 2008, the Administrative Law Judge ("ALJ") found Mrs. Plummer to be not disabled. Tr. 10, 61-70. Because Mrs. Plummer did not introduce sufficient evidence of psychological limitations before or during the hearing, the ALJ did not analyze her claim in relation to any potential mental impairment. Tr. 61-70, 16-54.

Mrs. Plummer thereafter submitted a request for review of the ALJ's decision to the Appeals Council. Tr. 6. With her request, Mrs. Plummer proffered an extensive psychiatric evaluation, dated April 5, 2009, from Dr. Ron Lechnyr, Ph.D, D.S.W. Tr. 421-457. Due to her childhood traumas, Dr. Lechnyr diagnosed Mrs. Plummer with post-traumatic stress disorder ("PTSD"), major depressive disorder, dysthymia, pain disorder, and avoidant and histrionic personality features. Tr. 439. Despite expressly considering this evidence, the Appeals Council denied Mrs. Plummer's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Mrs. Plummer now seeks judicial review of the ALJ's decision.

## II.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). The five steps in the process proceed as follows:

> 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. Does the impairment 'meet or equal' one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof for the first four steps in the process. *Id.* at 953; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, then the

OPINION AND ORDER, Page 3

claimant is disabled. If, however, the Commissioner proves that the claimant is able to perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

### III.  The ALJ's Decision

The ALJ applied the sequential process in his decision of January 26, 2009. Tr. 61-70. At step one, the ALJ found that Mrs. Plummer had not engaged in substantial gainful activity since the alleged onset date of disability. Tr. 63. At step two, the ALJ found that Mrs. Plummer's degenerative disc disease of the cervical spine, fibromyalgia, and bilateral hearing loss were severe impairments. *Id.* At step three, the ALJ found that Mrs. Plummer does not have an impairment or combination of impairments that meets or equals one of the specific impairments listed in the regulations. Tr. 64.

The ALJ then determined that Mrs. Plummer has the residual functional capacity ("RFC") to perform light work with the following limitations: occasional crawling, no phone work, no overhead reaching, and no climbing of ladders, ropes, or scaffolds. *Id.* In reaching this conclusion, the ALJ considered Mrs. Plummer's statements but found that they were not fully credible. Tr. 65. In addition, the ALJ examined Frank Plummer's[1] lay testimony but found that it was not credible for the same reasons as Mrs. Plummer's statements. Tr. 66. The ALJ also discounted the disability opinions provided by Drs. Weller and Bou Mehri, Mrs. Plummer's treating physicians, and Ms. May, Mrs. Plummer's gynecology provider. Tr. 67-69. Further, while the ALJ discussed Dr. Thrall's findings, he failed to assign any specific weight to that

---

[1] Frank Plummer is Mrs. Plummer's husband. Tr. 149.

OPINION AND ORDER, Page 4

opinion. Tr. 66-67. Instead, the ALJ gave greater weight to the opinions of Drs. Westfall and Lahr, who provided only consulting opinions for the Commissioner. Tr. 69.

At step four, the ALJ found that Mrs. Plummer could return to her past relevant work[2] as a secretary and salesperson. *Id.* Because the ALJ found that Mrs. Plummer was not disabled at step four, he did not address step five of the sequential disability analysis.

## DISCUSSION

### I.  Standard of Review

The court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court also may not affirm the Commissioner on a ground upon which he did not rely. *Id.*

---

[2] "Past relevant work" refers to work experience from the last fifteen years that lasted long enough for a claimant to learn how to do it and that constituted substantial gainful activity. *See* 20 C.F.R. §§ 404.1565(a), 416.965(a). "Substantial gainful activity means work that (a) involves doing significant and productive physical or mental duties; and (b) is done (or intended) for pay or profit." 20 C.F.R §§ 404.1410, 416.910.

## II.     Preliminary Matter

A preliminary matter must be addressed before reaching the substantive merits of Mrs. Plummer's claim. Her allegations of error are premised, in part, on additional evidence submitted to the Appeals Council. The Commissioner contends that the Appeals Council's decision and the additional evidence are unreviewable by this Court. *See* Def.'s Resp. Br. 13.

The Commissioner argues that this Court does not have jurisdiction over the decision of the Appeals Council. *Id.* at 14. The Commissioner is correct: "[w]hen the Appeals Council denies a request for review, that denial is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner." *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (citations omitted). Mrs. Plummer, however, is not arguing that the Appeals Council's decision to deny her request for review should be reversed. Rather, she asserts that this Court may and should review Dr. Lechnyr's report, which was submitted to the Appeals Council, in determining whether Mrs. Plummer is disabled and therefore entitled to Disability Insurance Benefits. Thus, this Court's lack of jurisdiction over the decision of the Appeals Council does not resolve whether the additional evidence presented may be considered as part of Mrs. Plummer's complaint before this Court.

The Commissioner contends that Mrs. Plummer "has not shown that the medical records [submitted to the Appeals Council] after the ALJ's decision were new, material, and that there was good cause for not submitting the evidence for the ALJ's consideration." Def.'s Resp. Br. 13. Mrs. Plummer argues that the "Commissioner is confusing the good cause requirement of 42 U.S.C. § 405(g) with the regulations regarding submissions to the Appeals Council. The good cause requirement does not apply in this case." Pl.'s Reply Br. 9.

The Court agrees with Mrs. Plummer. It is well-settled that a court may consider additional materials that were not before the ALJ but were presented to the Appeals Council, even when it denied claimant's request for review. *Ramirez v. Astrue*, 8 F.3d 1449, 1451-54 (9th Cir. 1993) ("[the court considers] on appeal both the ALJ's decision and the additional material submitted to the Appeals Council"); *see also Taylor*, 659 F.3d at 1232; *Lingerfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000); 20 C.F.R. § 404.976(b) . Accordingly, this Court will consider the additional evidence that Mrs. Plummer provided to the Appeals Council as part of this Court's review of the final decision of the Commissioner.

### III.     Medical Evidence

Mrs. Plummer asserts four allegations of error regarding the ALJ's assessment of the medical evidence.  First, she alleges that the ALJ erred when he discounted Drs. Thrall's, Weller's, and Bou Mehri's opinions that she was unable to maintain sustained employment. Second, Mrs. Plummer contends that the ALJ mischaracterized the report of Dr. Miller. Third, she argues that the ALJ wrongfully relied on the opinions of non-examining state agency doctors over those of her treating physicians. Fourth, Mrs. Plummer contends that Dr. Lechnyr's report supports a finding of mental disability.

This Court declines to address the first three allegations of error, as the fourth is dispositive in this case. In his April 2009 report, Dr. Lechnyr diagnosed Mrs. Plummer with PTSD, depression, dysthymia, a pain disorder "with both psychological factors and a general medical disorder," and avoidant and histrionic personality features. Tr. 439. He opined that Mrs. Plummer has been suffering from these mental impairments since October 2005. Tr. 453.

As part of his assessment, Dr. Lechnyr interviewed Mrs. Plummer, reviewed her medical records, and performed a number of objective tests. Tr. 421. Based on this information, Dr. Lechnyr found that, despite there being an "organic (real)" basis for Mrs. Plummer's back and shoulder pain, "emotional factors strongly aggravate her pain symptoms." Tr. 435. Dr. Lechnyr's extensive report generally describes an individual with low self-esteem who lacks insight into her problems. Tr. 433-444. He assessed Mrs. Plummer as having a Global Assessment Functioning ("GAF") score of 50, which indicates serious impairments or symptoms. Tr. 440. Dr. Lechnyr thus concluded that Mrs. Plummer's psychological "problems . . . are not likely to change as they date back to her early childhood of abuse and resulting withdrawal and fears." Tr. 444.

In addition to his narrative assessment, Dr. Lechnyr completed an RFC evaluation in which he reported that Mrs. Plummer had marked psychological limitations in carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, sustaining an ordinary routine without special supervision, completing a normal workday and workweek without interruptions from psychologically or physically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, and getting along with co-workers or peers without distracting them or exhibiting behavioral extremes. Tr. 448-453. Based on these findings, Dr. Lechnyr concluded that Mrs. Plummer was "totally and permanently disabled." Tr. 444. Mrs. Plummer argues that the Appeals Council improperly rejected Dr. Lechnyr's psychological evaluation because "it related

to the period prior to the ALJ's decision [and] establishes that [Mrs. Plummer] suffers from disabling mental impairments." Pl.'s Opening Br. 20.

It is difficult for this Court to determine from this record whether Mrs. Plummer is disabled and thus entitled to disability benefits. Mrs. Plummer is correct that Dr. Lechnyr's report indicates that she is severely limited by her mental impairments, thereby precluding sustained employment. Moreover, there is additional evidence in the record that suggests Mrs. Plummer was suffering from psychological limitations at the time of the ALJ's decision. Mr. Plummer testified that Mrs. Plummer was once vibrant and, now, could barely get off the couch; he concluded that "she's depressed." Tr. 52. Further, in June 2006, Dr. Ross prescribed Paxil to Mrs. Plummer and explained to her that the pain she was experiencing "likely has some element of depression." Tr. 319. Dr. Miller repeatedly remarked that the objective findings did not provide an "explanation for her pain," suggesting that there may be some psychological component to Mrs. Plummer's symptoms. Tr. 382, 408. Finally, Dr. Lahman noted that "[a]lthough the claimant apparently does not allege depression as an impairment, there's a reasonable probability that it exists" based on the medical record. Tr. 274.

Dr. Lechnyr's report, however, appears to be based largely on Mrs. Plummer's subjective statements, which the ALJ found to be not credible. For example, Dr. Lechnyr stated that the psychological and physical limitations associated with Mrs. Plummer's pain had been ongoing since her on-the-job injury in October 2005. Tr. 453. Mrs. Plummer had previously "emphatically state[d] that she did not have pain [and was in] the best health of her life" before her 2005 accident. Tr. 243. Yet the record reveals that Mrs. Plummer was having similar pain symptoms in her back, shoulders, and arms for more than a year before her injury. Tr. 204, 240.

Further, despite her assertions to the contrary, a number of medical providers opined that the back strain Mrs. Plummer sustained in 2005 was not the cause of her pain; rather, her symptoms were due to pre-existing degenerative conditions. Tr. 203, 229, 241, 245, 246. Accordingly, had this portion of Dr. Lechnyr's report been based on the medical evidence and not on Mrs. Plummer's subjective statements, he likely would have assessed the onset of these impairments on a different date.

In addition, Dr. Lechnyr's assessment is internally inconsistent. In one section, he describes Mrs. Plummer as a "quiet, slow-paced, pleasant, [and] non-demanding" employee who performs well while working independently. Tr. 437. Yet in another, Dr. Lechnyr reports that Mrs. Plummer was unable to get along with "co-workers or peers without distracting them or exhibiting behavioral extremes." Tr. 451. He also noted that Mrs. Plummer had trouble "sustain[ing] an ordinary routine without special supervision." Tr. 450. It is unclear how Mrs. Plummer can be pleasant, non-demanding, and a good independent worker while, at the same time, exhibiting behavioral tendencies that are so extreme that her co-workers become distracted and requiring that she have special supervision. These discrepancies are not accounted for in Dr. Lechnyr's report. This Court, however, cannot assign weight to Dr. Lechnyr's opinion because the ALJ did not have the opportunity to address it. *See Orn*, 495 F.3d at 630 (reviewing court cannot affirm the Commissioner on a ground upon which he did not rely).

Dr. Lechnyr's report shows that Mrs. Plummer had at least a colorable claim of mental impairment at step two. *See*, *e.g.*, *Keyser*, 648 F.3d at 726-27 (colorable claim of mental impairment existed at step two where claimant had a GAF score of 55 to 65 and where third-party statements indicated that the claimant's mental impairments adversely impacted her ability

to maintain employment). The ALJ, however, did not consider or address any mental impairment at step two. Tr. 63.

Consideration of Dr. Lechnyr's report may also reveal errors in later steps of the disability analysis. For example, the ALJ used Plaintiff's subjective reports about her pain, in part, as a means of discrediting her testimony. Tr. 65. Thus, until Dr. Lechnyr's report is considered by the ALJ, this Court is unable to determine whether substantial evidence supports the ALJ's credibility determination.

Therefore, remand for further proceedings is appropriate so that the ALJ can reconsider its decision in light of Dr. Lechnyr's psychiatric evaluation. *Taylor*, 659 F.3d at 1233; *Ramirez*, 8 F.3d at 1451-52. This Court need not address plaintiff's other allegations of error, as they primarily address how the Appeals Council's failure to properly consider Dr. Lechnyr's assessment adversely affected subsequent steps of the analytical process. On remand, therefore, the ALJ must evaluate Mrs. Plummer's mental impairment at step two and must then appropriately perform the subsequent steps of the five-step sequential disability analysis in light of the entire record, including Dr. Lechnyr's report.

## CONCLUSION

For the reasons stated above, the Commissioner's decision that Mrs. Plummer is not disabled is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

Dated this 25th day of June, 2012.

        /s/ Michael H. Simon  
        Michael H. Simon  
        United States District Judge